**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**CLEMENT K. KAAWA,**

Petitioner,

v.

**TIMOTHY O'DELL, Warden,**

Respondent.

---

Civil No. 00-2547 (PAM/JGL)

**REPORT AND RECOMMENDATION**

Clement K. Kaawa, pro se.

Bryan C. Yee, Esq., Deputy Attorney General for the State of Hawaii, for Respondent.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Mr. Kaawa's Amended Petition for Writ of Habeas Corpus (Doc. No. 5). Petitioner has filed his writ under 28 U.S.C. § 2241. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

For the reasons set forth below, the Court recommends that Mr. Kaawa's Petition for Writ of Habeas Corpus be denied.

## I. BACKGROUND

On June 7, 1993 Petitioner was sentenced in a Hawaii state court to life imprisonment with the possibility of parole for the crime of attempted second degree murder. Petitioner's conviction was affirmed by the Hawaii

FILED JAN 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Supreme Court. On November 12, 1998 Petitioner was transferred to the Prairie Correctional Facility ("PCF"), a private correctional institution located in Appleton, Minnesota. Petitioner filed the instant writ while confined at PCF. Petitioner was transferred to the Diamondback Correctional Facility ("DCF") in Oklahoma less than one month after he filed the writ. Petitioner is currently confined at DCF.

## II. DISCUSSION

Petitioner seeks a Writ of Habeas Corpus, alleging that his confinement at PCF was illegal because (1) he was never tried and convicted in Minnesota; (2) neither private prisons nor the state of Minnesota may enforce laws or penal judgments of other states;[1] (3) the Full Faith and Credit Clause of the Constitution prohibits Minnesota from enforcing Hawaii's penal judgment;[2] (4) Hawaii's jurisdiction over Petitioner ended once he arrived in Minnesota;[3] (5) private corporations may not exercise the police powers of other jurisdictions;[4] and (6) employees of private corporations may not act as state correctional officers.

---

[1]These arguments were numbered (2), (3), and (8) in Petitioner's petition. For ease of discussion, the Court will treat some of Petitioner's eight separate claims together. The Court will note which claims have been re-numbered.

[2]This claim was number (4) in Petitioner's petition.

[3]This claim was number (5) in Petitioner's petition.

[4]This claim was number (7) in Petitioner's petition.

Respondent asserts that Petitioner's confinement in Minnesota was legal because (1) Hawaii has the authority to transfer its prisoners to private out-of-state correctional facilities; (2) Hawaii's jurisdiction over Petitioner did not end when Petitioner was transferred out of state; (3) the Supreme Court has assumed the propriety of private correctional facilities; (4) the Full Faith and Credit Clause does not disallow Petitioner's transfer to Minnesota; and (5) the Eighth Circuit's recent decision in Abordo v. O'Dell, No. 01-2296, 2001 WL 1529746 (8th Cir. Dec. 4, 2001) (unpublished opinion) mandates that Petitioner's writ be denied because Petitioner failed to exhaust available state remedies prior to filing the writ.

For the following reasons, the Court recommends that Petitioner's Amended Petition for Writ of Habeas Corpus should be denied.

## A. Jurisdictional Bar

Before reaching the merits of Petitioner's writ, the Court must "satisfy itself as to its jurisdiction to entertain" the writ. Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981). "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Jud. Cir. Ct. Ky., 410 U.S. 484, 494-95 (1973). A writ of habeas corpus is properly brought in the district court for the district in which the petitioner is confined or in which the sentencing state court sits. See 28 U.S.C. § 2241(d). "To issue a writ of habeas corpus, a district court must have jurisdiction over the petitioner's custodian."

United States v. Knight, 638 F.2d 46, 47 (8th Cir. 1981)(citing Braden, 410 U.S. at 495). Without personal jurisdiction, there is no one whom a court may order to effect Petitioner's release should the writ issue. See Copley v. P.W. Keohane, 150 F.3d 827, 829-30 (8th Cir.1998) (citing United States ex rel. Innes v. Crystal, 319 U.S. 755, 755 (1943)). Therefore, when a petitioner is no longer in the custody of the respondent, the case is moot and a court may not entertain the petition. See id.

In the instant case, the Court finds that no habeas corpus relief can be granted in this District because Petitioner has no custodian in this district. Once Petitioner was removed from Minnesota, Respondent no longer had any custodial interest in, or custodial authority over, Petitioner. Thus, this Court does not have jurisdiction to entertain the petition. Accordingly, it is the Court's recommendation that the petition be denied as moot.

The Court has considered whether it is appropriate to transfer this case pursuant to 28 U.S.C. § 1631,[5] and has concluded that since this action could not have been brought in Oklahoma "at the time it was filed or noticed," it may not be transferred to Oklahoma pursuant to that statute. This decision should not affect any legal rights or remedies which may be available to Petitioner in Oklahoma's state or federal courts.

---

[5] 28 U.S.C. § 1631 provides that if "the court finds that there is a want of jurisdiction, the court shall, if in the interest of justice, transfer such action . . . to any other court in which the action . . . could have been brought at the time it was filed or noticed."

**B. Failure to Exhaust State Remedies**

Even if the Court had jurisdiction, it would be required to deny Petitioner's writ because Petitioner failed to exhaust existing state remedies. See Crouch v. Norris, 251 F.3d 720, 722-23 (8th Cir. 2001) (holding that state prisoners may seek habeas corpus relief only under § 2254).

The case at the bar is almost identical to Abordo v. O'Dell, No. 01-2296, 2001 WL 1529746 (8th Cir. Dec. 4, 2001) (unpublished opinion). In Abordo, the petitioner was sentenced in a Hawaiian state court, but later transferred to PCF in Minnesota. Mr. Abordo filed a writ of habeas corpus on essentially the same grounds as Petitioner. Relying on Crouch v. Norris, the Eighth Circuit held that although Mr. Abordo brought his suit under 28 U.S.C. § 2241, the only vehicle for attacking his confinement pursuant to a state court judgment was 28 U.S.C. § 2254. Under §2254, petitioners are required to exhaust all available state remedies or demonstrate that there is no available state remedy before they may petition for a writ of habeas corpus. See 28 U.S.C. § 2254(b)(1)(A),(B)(i). Mr. Abordo failed to do either and the Eighth Circuit denied his claim on that basis. See Abordo, 2001 WL 1529746, at *1.

**C. Denial on the Merits**

In Abordo, the Eighth Circuit not only denied the petition for failure to exhaust state remedies, but also reviewed Mr. Abordo's claims de novo and denied the petition on the merits. See id. In rejecting Mr. Abordo's claims on the merits, the Eighth Circuit stated the following:

> First, "[j]ust as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." Olm v. Wakinckona, 461 U.S. 238, 245 (1983). Second, courts have upheld transfers of inmates to private out-of-state facilities. See, e.g., Montez v. McKinna, 208 F.3d 862, 865-66 (10 Cir. 2000) (rejecting challenge to transfer as "unsupported by law"). Third, Hawaii's jurisdiction did not end when it transferred Mr. Abordo to Minnesota, as Hawaii did not deliberately and voluntarily relinquish its authority over him. See Evans v. Holm, 114 F. Supp.2d 706, 711 (W.D. Tenn. 2000) ("It is a popular myth among prisoners that a state's authority over a prisoner ends at the state's geographical border.") . . . Finally, Mr. Abordo's reliance on the Full Faith and Credit Clause is misplaced, see Michigan v. Doran, 439 U.S. 282, 287-89 (1978) (in criminal matters, concept of full faith and credit is articulated through Extradition Clause, U.S. Const. art. IV, § 2, cl. 2), and in any event, Minnesota was not enforcing Hawaii's penal judgment.

Id. (brackets in original). The above effectively disposes of Petitioner's first four arguments. Petitioner's remaining arguments are also easily dismissed.

The Supreme Court has assumed the propriety of confinement in private prisons. See Richardson v. McKnight, 521 U.S. 399, 400-424 (1997) (deciding whether private prison guards enjoy the same qualified immunity as state prison guards, discussing this country's long history of private prisons, and never once questioning the propriety of private prisons); see also Lambert v. Sullivan, 35 F. Supp.2d 1131, 1134 (E.D. Wis. 1999) (stating that it would be "odd for the Supreme Court to reach [the issue decided in Richardson] if it harbored any doubts about the constitutionality of private incarceration"). Implicit in the recognition of the propriety of confinement in private prisons is the propriety of properly staffing such prisons. Therefore, the Court finds Petitioner's arguments that private parties may not act as "state correctional

officers" and that private prison employees may not enforce the "police powers of other jurisdictions" without merit. Accordingly, Petitioner's writ of habeas corpus should be denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Kaawa's Amended Petition for Writ of Habeas Corpus (Doc. No. 5) should be **DENIED**.

Dated: January 15, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by Feb. 4, 2002, a writing which specifically identifies those portions of this Report to which objections are being made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.